IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DERRELL JOHNSON | CRIMINAL ACTION<br><br>NO. 24-14-3 |

### MEMORANDUM

**Baylson, J.**                                                                                       **April 26, 2024**

    Defendant Derrell Johnson has filed a Motion to Dismiss one of the two counts pending against him under an argument of multiplicity in violation of his 5th Amendment rights, and a Motion to Sever the trial against him from the other two defendants.

    Initially, as a summary of the Indictment as characterized by the Government, there are three defendants, Jonathan Barger, Alan Kane, as well as Johnson. The Government has brought claims of bankruptcy fraud against the first two defendants, but not against Johnson. The only charges against Johnson are for false statements to the FBI in Counts V and VI.

    The Indictment alleges two separate fraudulent schemes. Counts I through VI allege a series of crimes relating to the attempt to steal a house from the estate of a dead person and defend the perfidy in state court and bankruptcy proceedings when the estate sued for possession. Count VII through XII allege a series of crimes stemming from Defendant Barger's use of the bankruptcy system to avoid foreclosure of his business property and evade debts on a mortgage and outstanding property taxes.

    Johnson is accused of participating in only the first set of related crimes. Barger and Kane have been indicted on charges of bankruptcy, making false statements, and broadly perpetrating both fraudulent schemes. As to Johnson's Motion to Dismiss, Johnson argues that

1

both allegedly false statements must be brought as a single count under the relevant statute, 18 U.S.C. § 1001. As to the Motion to Sever, Johnson argues that it would be unfair for him to be forced to defend himself at a joint trial with Barger and Kane because the facts alleged against them are much more serious and complex, compared to the separate and simple charges of false statement made against Johnson in Counts V and VI.

Upon review of the allegations, and the arguments made by the Government and Defendant at a hearing on April 15, 2024, the Court will deny both Motions. Counts V and VI of the Indictment charge two distinct statements and the Government is correct that it is entitled to allege these in two separate counts.

### A. Charges V and VI Are Not Multiplicitous

"Multiplicity is the charging of a single offense in separate counts of the indictment." United States v. Kennedy, 682 F.3d 244, 254 (3d Cir. 2012). Thus, a "multiplicitous indictment risks subjecting a defendant to multiple sentences for the same offense," which is an "obvious violation of the Double Jeopardy Clause's protection against cumulative punishment." Id. at 255. The test for multiplicity turns on "whether the legislature intended to make separately punishable the different types of conduct referred to in the various counts." United States v. Stanfa, 685 F.2d 85, 87 (3d Cir. 1982) (internal quotations and citations omitted). That analysis depends on the statute's relevant "unit of prosecution." United States v. Tann, 577 F.3d 533, 536 (3d Cir. 2009).

The Third Circuit has not addressed the allowable "unit of prosecution" under 18 U.S.C. § 1001. In that statute, an individual violates the law when he "knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation" during a governmental investigation. Id. Defendant Johnson argues that the unit of prosecution is a single interview—in other words, the Government may only bring one count per false interview, no

2

matter how many distinct lies an individual makes during that interview. The Government responds that the relevant unit of prosecution is every individual statement or representation.

Most of the Circuits that have addressed this question favor the Government's reading of the statute. The Ninth Circuit squarely held that that the Government can bring two separate counts under 18 U.S.C. § 1001 for two different misrepresentations that occurred in the same interview. United States v. Segall, 833 F.2d 144, 146–47 (9th Cir. 1987). While, "identical false statements [ ] made in response to identical questions" can only lead to one conviction, "each nonidentical false statement made . . . may be charged as a separate violation of section 1001." Id. at 146; see also United States v. Anderson-Bagshaw, 509 F. App'x 396, 412 (6th Cir. 2012) ("when the multiple counts of false statements involve different questions and different responses, the defendant may properly be convicted of multiple crimes, even if all the false statements relate to the same topic") (not designated for publication). Other courts have adopted the Ninth Circuit's "identical false statements" test when deciding the unit of prosecution in analogous perjury and obstruction of justice cases. See United States v. Clarridge, 811 F.Supp. 697, 703 (D.C. Cir. 1992) ("in view of this Court, the appropriate test is this: each count must set forth a separate lie or false statement.").

Defendant Johnson relies on a Fourth Circuit opinion that questioned whether the Government could charge multiple counts of false statements when all were made in the same interview. United States v. Smith, 54 F.4th 755, 764 (4th Cir. 2022), cert. denied, 143 S. Ct. 1097 (2023). There, the Court found two false statement counts multiplicitous when the Government brought two charges stemming from the same interview. Id. at 764–67. Critical to the Court's ruling, however, was that the "government proved [both counts] by solely relying on the communications between its informants and Smith." Id. at 766. Otherwise stated, the proof

required to demonstrate both false statements was extremely "similar in substance," supporting a finding that both statements were really one false statement. Id.

In the present case, the Government seeks to prove two distinct false statements, supported by different evidence. In Count V, the Government alleges Johnson lied about his familiarity with two false deeds of the estate property and will likely prove so based on an email correspondence. Then, described in Count VI, Johnson purportedly lied about receiving two different checks from Barger. One of those checks, the government believes, was unrelated to helping record the fraudulent deeds. Different evidence and testimony will be necessary to prove the falsity of Count VI. Because the substance of the false statements and the evidence to prove them are distinct, this Court is persuaded that Count V and VI are not multiplicitous.

### B. This Court Will Not Sever At This Time

As to the Motion to Sever, Johnson's counsel made a strong argument that it would be prejudicial to have the same jury hear the separate claims of bankruptcy fraud pending against Kane and Barger while Johnson has to defend against different and distinct charges, making false statements to the FBI.

A defendant must satisfy a "high bar" to merit severance. United States v. Blunt, 930 F.3d 119, 125 (3d Cir. 2019). Rather, the "federal system prefers joint trial of defendants who are indicted together because joint trial promote efficiency and serve the interests of justice by avoiding inconsistent verdicts." Id. (internal quotations and citations omitted). To sever, there must be a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Moreover, the decision to sever is within the trial court's sound discretion. Blunt, 930 F.3d at 124.

This Court will, at this time, deny the Motion to Sever without prejudice to it being renewed when the case gets closer to trial, which is scheduled to start on September 16, 2024. The Government has asserted that Johnson's allegedly false statements were integral to the bankruptcy fraud claims made against the other defendants and helped them to succeed in their substantive bankruptcy fraud offenses.

Given this argument, with a trial not taking place for almost six months from now, this Court believes that severance should be denied, as all three defendants are participating in pretrial discovery, and perhaps cooperating with each other, which is certainly appropriate.

If, as the trial approaches, it appears that the Government's evidence against Barger and Kane is likely to be highly prejudicial against Johnson, even though he is charged with relatively minor and different charges than against Barger and Kane, this Court will revisit the issue of severance, prior to the start of trial.

An appropriate Order will be forthcoming.

O:\CRIMINAL DEPUTY (Lori)\24-14-3 Memorandum on Johnson Motions to Sever and Dismiss.docx